AVALO SÁNCHEZ *v*. ESTATE OF DÍAZ.

APPEAL from the District Court of San Juan.

No. 69.—Decided October 30, 1905.

INTERVENTION—PLAINTIFF'S REQUEST—ESTOPPEL.—A plaintiff is estopped from subsequently denying a person's right to intervene in an action where such intervention was made at the request of the plaintiff.

JUDGMENT.—A judgment is a final determination of the rights of the parties in an action or proceeding.

APPEAL—SPECIAL ORDER.—A special order for the purposes of the provisions of subdivision 3 of section 295 of the Code of Civil Procedure, is an order made after the rendition of a final judgment wherein a right is infringed in the decision of a point not raised in the action nor decided by such final judgment.

ID.—An order of an inferior court declaring null and void a previous order of the same court for reasons which are purely technical or matters of form, is not an appealable order because it does not possess the character of a final judgment nor of a special order, and the nature of the same is not altered by the fact that it may have been entered as a final judgment.

The facts are stated in the opinion.

*Mr. José Guzmán Benítez* for appellant.

*Mr. Hord* for respondent.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

The District Court of San Juan made an order on May 15, 1901, on the petition of the Estate of Maria Diaz, widow of Veve, the adjudging portion of which reads as follows:

"The consolidation of the foreclosure proceedings instituted by said lady with the insolvency proceedings of Jose Avalo Sanchez is dissolved, and the deposit of the 'Bello Sitio' plantation is cancelled, said plantation to return to the disposition of the possessor thereof, Maria Diaz, widow of Veve," etc., etc.

This order was signed by Judge R. F. Savage only and Ramon Falcon, secretary of the court.

Attorney Antonio Sarmiento, on behalf of Jose Avalo Sanchez, raised a preliminary incidental issue seeking to have said order vacated and also the proceedings had for its execution, on the ground that said order had been signed only by Judge Savage, when it should have been signed by the three judges who then composed the district court.

This incidental issue was prosecuted notwithstanding the motion of Maria Diaz, the widow of Veve, praying for a reconsideration of the order allowing the said incidental issue to be prosecuted, and after the parties had been heard in open court Judge Emilio del Toro, on May 31, 1905, rendered

a decision vacating the order on the ground advanced by Jose Avalo Sanchez when he raised the incidental issue.

The Estate of Maria Diaz, widow of Veve, appealed from this decision on June 17, 1905, to the Supreme Court, and the respective briefs were filed.

With affairs in this condition, Attorney Henry F. Hord, on behalf of the respondent, Jose Avalo Sanchez, made a motion to dismiss the appeal on the two following grounds:

"First. The appellant not having as yet been admitted as a party in the insolvency proceedings of Jose Avalo Sanchez, the said Estate has no right to be heard nor to take appeals.

"Second. Because the order appealed from is not an appealable decision."

On the first ground, I believe the motion should be overruled. We have nothing to do with the insolvency proceedings at the present time. The appeal is confined to the incidental issue vacating the order raised by Jose Avalo Sanchez, in which Maria Diaz, widow of Veve, was a party, because the person raising it made her a party by requesting that she should be so considered; and this was done without anything being found up to the present moment which reveals any opposition to this interference in said incidental issue to vacate the order.

It is a principle of law that no one can deny his own acts, and this principle appears in the Encyclopedia of Pleading and Practice, volume 11, page 502, paragraph 4, where it is said:

"One who attempts to intervene in an action pending between other parties without bringing himself within the provision of the statute allowing such intervention is a mere interloper, who acquires no rights by his unauthorized interference, unless objection thereto is waived."

And here we must understand that this right of opposition was expressly waived, because Avalo Sanchez expressly

requested that Maria Diaz, widow of Veve, should be made a party to this incidental issue. She cannot now under any pretext be excluded therefrom, because she was made a party therto precisely for the purpose of being heard.

With regard to the second ground, attention must be called to the fact that the judgment was rendered on May 31, 1905, and that the appellant, upon the termination of the incidental issue, conformed in the district court to the provisions of the Code of Civil Procedure in force by presenting a brief, and after judgment had been entered in accordance with the Code in force, by serving notice of his appeal on the adverse party. Hence we have in the record itself acts on the part of the appellant which reveal that he submitted to the procedure in force. But, notwithstanding this, this Supreme Court has already in similar cases and even in cases of jurisdiction on account of the amount involved, applied the new Code of Civil Procedure with the amendment to section 295 made by the Act approved March 9, 1905, and this notwithstanding the fact of a judgment having been appealed from before the approval of said Act. (See among other cases that of *Lind* v. *David*.)

So that there is no doubt that the Code of Civil Procedure in force is all that we are obliged to consider in order to ascertain whether the decision in question is appealable.

The Code of Civil Procedure of California, page 543, and the notes to section 939, which is the equivalent of section 395 of our Code, provides: "The term 'final judgment' means only those judgments known at common law as final judgments, which put an end to an action or special proceeding, and does not apply to the statutory determinations, terms, orders or judgments, defined in the third subdivision of such section, which includes all appealable judgments." * * *

Now then, section 188 of the Code of Civil Procedure defines a judgment, providing that it "is a final determination of the rights of the parties in an action or proceeding."

The decision appealed from is not of this character, be-

cause it has not really determined in a decisive manner the right which Maria Diaz, widow of Veve, might have had when she filed her petition to have the ''Bello Sitio'' estate placed at her disposition and the dissolution of the consolidation of her foreclosure proceedings with the insolvency proceedings of Jose Avalo Sanchez. All of her petitions were granted, and if afterwards annulled by the decision appealed from, such decision did not attack her substantive right, the order having been vacated solely on the purely technical ground that the original decison was not signed by the three judges who then composed the district court. The party now appellant may bring again the action which was not terminated, a termination which is made by a final judgment as has been seen, and which would be appealable according to subdivision 1 of section 295 of the Code of Civil Procedure.

Nor is it possible to look upon the decision appealed from as a special order made after final judgment, referred to in subdivision 3 of said section, because in the first place there had been no previous final judgment rendered, and in the second place because it would always be necessary that some right should be affected in the decision of a question not discussed in the proceedings nor determined in the final judgment, and we have seen that this is not so and, consequently, that the decision appealed from is not appealable from this standpoint either, but that its nature is changed by the fact of its having been entered as a final judgment.

In view of the reasons stated, I propose that in accordance with the motion and on the ground that the decision of the district court rendered on May 31, 1905, is not appealable, the appeal is dismissed.

*Dismissed.*

Chief Justice Quiñones and Justices Hernandez, Mac-Leary and Wolf concurred.